UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM LOPEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, et al.,<br><br>Defendants. | Case No. 1:26-cv-02327-KES-HBK<br><br>ORDER GRANTING DEFENDANT COUNTY OF KERN'S MOTION FOR EXTENSION OF TIME<br><br>(Doc. 14)<br><br>FOURTEEN-DAY DEADLINE |

Pending before the Court is Defendant County of Kern's motion for leave to file a responsive pleading to Plaintiffs' Complaint under Federal Rule Civil Procedure 6(b)(1)(B), previously set for hearing on August 24, 2026. (Doc. 14). Pursuant to Local Rule 230(g), upon review of the motion and consistent with Rule 1's directive to secure the just, speedy, and inexpensive determination of every action, the Court finds the motion suitable for decision without a hearing or oral argument.

Defendant acknowledges it missed the deadline to file a timely response to the Complaint and submits declarations from counsel and administrative staff explaining that counsel was out of the country, staff inadvertently failed to calendar the responsive pleading deadline, and, upon being advised by another attorney of the missed deadline, assigned counsel filed the instant motion the next day. (Doc. 14-1 at 2; Doc. 14-2 at 2; Doc. 14-3 at 1-2). Defendant contends that the missed response deadline resulted from excusable neglect and argues good cause exists to

permit a responsive pleading because in addition to acting swiftly upon learning of the mistake, Kern County is not identified in the Complaint, and Plaintiffs will not suffer prejudice. (Doc. 14-1 at 2-4).

Federal Rule of Civil Procedure 6(b) authorizes the Court to extend deadlines for good cause if the request is made before the existing deadline. Fed. R. Civ. P. 6(b)(1)(A). If the request is made after the deadline, the moving party must also show excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts apply a four-factor equitable test, considering: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

Here, the Court finds that Defendant's failure to file a timely answer constitutes excusable neglect because it stemmed from an unintentional calendaring oversight by staff. *See, e.g.*, *Capitol Recs., Inc. v. Weed*, No. CV06-1124-PHX-JAT, 2007 WL 1876375, at *2 (D. Ariz. June 27, 2007) (finding excusable neglect under Rule 60(b)(1) and setting aside judgment where counsel missed a hearing due to calendaring error). There is no evidence that Defendant's counsel acted in bad faith, that the delay has adversely impacted the proceedings, or that an extension of time would prejudice Plaintiffs. Counsel was out of the country for two weeks, and the day after learning of the calendar error, counsel filed the instant motion. A review of the docket reveals that other defendants have not been served or have not yet responded. Further, the Rules are to be liberally construed to effectuate "the general purpose of seeing that cases are tried on the merits." *Ahanchian*, 624 F.3d at 1258–59.

////

Accordingly, IT IS ORDERED:

1. Defendant County of Kern's motion for extension of time (Doc. 14) is GRANTED.

2. No later than fourteen (14) days from the date of this Order, Defendant County of Kern shall file a response to the Complaint.

3. The motion hearing set for August 24, 2026 is VACATED.

Dated: July 24, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE